**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| LEWIS CLARK and PATRICIA CLARK | )<br>)<br>) |
| Plaintiffs, | )<br>) No. 2:10-cv-529 |
| vs. | )<br>) |
| WELTMAN, WEINBERG & REIS CO., L.P.A., | )<br>) **JURY DEMAND ENDORSED HEREON**<br>) |
| Defendant. | ) |

## COMPLAINT

NOW COME the Plaintiffs, LEWIS CLARK and PATRICIA CLARK, by and through their attorneys, LUXENBURG & LEVIN, LLC, and for their Complaint against the Defendant, WELTMAN, WEINBERG & REIS CO., L.P.A., Plaintiffs allege and state as follows:

### PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692, *et seq*., and the Ohio Consumer Sales Practices Act (hereinafter the "OCSPA"), Ohio Rev. Code § 1345.01, *et seq*.

### JURISDICTION AND VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692, *et seq*. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to the claim occurred within this District.

### PARTIES

3. Plaintiffs are individuals who were at all relevant times residing in Columbus, Ohio.

4. Plaintiffs are "consumers" as defined in 15 U.S.C. § 1692a(3), as they are natural persons allegedly obligated to pay a debt.

5. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiffs.

6. On information and belief, Defendant, WELTMAN, WEINBERG & REIS CO., L.P.A. is a legal professional association of the State of Ohio, which has its principal place of business in Cleveland, Ohio.

## COUNT I

(Violation of the Fair Debt Collection Practices Act)

7. During or about January of 2010, Defendant mailed a letter to Plaintiff Patricia Clark in an attempt to collect the aforementioned alleged debt. Said letter was addressed to Plaintiff Patricia Clark, but referenced the Social Security Number of her husband, Plaintiff Lewis Clark.

8. Subsequently, Plaintiff Patricia Clark contacted Defendant by telephone, and was told by a representative and/or employee of Defendant that Defendant had transposed the Social Security Numbers and that she should not worry about the error.

9. Thereafter, Plaintiff Patricia Clark requested a copy of the judgment which Defendant had allegedly obtained against her, but Defendant's representative were refused to provide it to her and told her that the debt belonged to Plaintiff Lewis Clark.

10. On or about January 11, 2010, Defendant's representative and/or employee Danielle (last name unknown) contacted Plaintiff Patricia Clark by telephone twice in attempts to

collect the aforementioned debt, but failed to disclose that she was a debt collector during the course of every communication with Plaintiff.

11. Despite the fact that Defendant claims to have a judgment against Plaintiff Patricia Clark only, Defendant subsequently placed a judgment lien on property that is solely in the name of Plaintiff Lewis Clark. Defendant also reported the alleged debt on the credit of Plaintiff Lewis Clark. However, Defendant has not updated the credit reporting to reflect that the alleged debt was disputed.

12. In its attempts to collect the aforementioned alleged debt, Defendant violated the FDCPA in one or more of the following ways:

    a. Falsely representing the character, amount and/or legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A);

    b. Communicating credit information which was known or which should have been known to be false, including failing to communicate that the alleged debt was disputed, in violation of 15 U.S.C. § 1692e(8);

    c. Failing to disclose in every communication with Plaintiff that the communication was from a debt collector, in violation of 15 U.S.C. § 1692e(11); and

    d. By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

13. As a result of Defendant's violations as aforesaid, Plaintiffs have suffered and continue to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiffs, LEWIS CLARK and PATRICIA CLARK, respectfully pray for a judgment against Defendant as follows:

    a.    Statutory damages of $1,000.00 for each Plaintiff for each violation of the FDCPA;

    b.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiffs; and

    c.    Any other relief deemed appropriate by this Honorable Court.

## COUNT II

(Violation of the Ohio Consumer Sales Practices Act)

14. Plaintiffs hereby adopt, re-allege and incorporate by reference all allegations set forth above as though fully rewritten here.

15. Defendant's actions in attempting to collect the alleged debt from Plaintiffs as described above constitute a "consumer transaction" as defined in Ohio Rev. Code § 1345.01(A).

16. Defendant is a "supplier" as defined in Ohio Rev. Code § 1345.01(C), as Defendant is in the business of effecting or soliciting consumer transactions.

17. Plaintiffs are "consumers" as defined in Ohio Rev. Code § 1345.01(C), as they are persons who engaged in a consumer transaction with a supplier, the Defendant herein.

18. Defendant's actions and omissions described above constitute unfair, deceptive and unconscionable acts and practices, in violation of Ohio Rev. Code §§ 1345.02 and 1345.03, and the substantive rules promulgated under the OCSPA.

19. Defendant, through its agents and employees, knowingly committed the unfair, deceptive and unconscionable acts and practices described above.

20. As a result of Defendant's unfair, deceptive and unconscionable acts and practices, Plaintiffs have suffered, and continue to suffer, various damages which include, but are not limited to the categories of damages described above.

WHEREFORE, Plaintiffs, LEWIS CLARK and PATRICIA CLARK, respectfully pray for a judgment against Defendant as follows:

    a.    Statutory damages of $200.00 for each Plaintiff for each violation of the FDCPA;

    b.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiffs; and

    c.    Any other relief deemed appropriate by this Honorable Court.

## JURY DEMAND

Pursuant to Civil Rule 38, Plaintiffs hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiffs prevail on any of their claims in this action.

Respectfully Submitted,

/s/ David B. Levin
David B. Levin (0059340)
Mitchel E. Luxenburg (0071239)
Attorneys for Plaintiffs
Luxenburg & Levin, LLC
23240 Chagrin Blvd., Suite 601
Beachwood, OH 44122-5452
(888) 595-9111, ext. 711 (phone)
(866) 382-0092 (facsimile)
dlevin@attorneysforconsumers.com